IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA          *

vs.                               *

SANTWAN J. HOLT,                  *          CASE NO. 4:08-CR-8 (CDL)

Defendant.                        *

O R D E R

Presently pending before the Court is Defendant Santwan Holt's *pro se* Motion to Withdraw Guilty Plea (Doc. 250). For the following reasons, the Court denies Defendant's motion.

DISCUSSION

Despite being represented by counsel, Defendant filed the presently pending motion *pro se* alleging that he "had not been well informed by his counsel of the misleading stipulated information which would be used as Relevant Conduct for the purposes of computing the guideline range pursuant to the" U.S. Sentencing Guidelines Manual. (Def.'s Mot. to Withdraw Guilty Plea 2.) Defendant argues that he consequently failed to fully understand his plea agreement, and he therefore seeks to withdraw it. (*Id.* at 3.)

The Court finds it unnecessary to address the merits of Defendant's motion because Defendant is not permitted to file this motion *pro se* while he is represented by counsel. "It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel."

1

*United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (citations omitted).[1]  "The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself." *Id.*  In other words, "the right to counsel and the right to proceed *pro se* exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987).  Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Id.*

By filing his motion *pro se*, Defendant engages in hybrid representation without first seeking the Court's permission to do so. "A district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001).  Accordingly, the Court declines to consider and consequently denies Defendant's motion.  Because he is currently represented, Defendant must raise this issue through his counsel.

CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Withdraw Guilty Plea (Doc. 250).

IT IS SO ORDERED, this 4th day of May, 2009.

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE